Hughes *vs.* The State of Georgia.

---

HUGHES *vs.* THE STATE OF GEORGIA.

[Hall, J., not presiding.]

Where a defendant was tried on a copy bill of indictment which had been established in lieu of the lost original, after conviction, it furnished no ground for a motion to arrest the judgment that the established copy did not have upon it any indorsement of "true bill" or other finding by the grand jury. Such an exception went to the

form of the indictment, and did not affect the real merits of the offense charged, and it should have been urged before trial.
October 27, 1885.

Criminal Law. Indictment. Motion in Arrest of Judgment. Before Judge KIBBEE. Dooly Superior Court. March Term, 1885.

Reported in the decision.

G. W. BUSBEE; GUSTIN & HALL, for plaintiff in error.

C. C. SMITH, solicitor general, by HARRISON & PEEPLES, for the state.

BLANDFORD, Justice.

A motion was made to arrest the judgment in this case, on the ground that a copy bill of indictment, which had been established in lieu of the lost original, had no indorsement thereon of "true bill," or other finding by the grand jury. The court overruled the motion in arrest of judgment, and this ruling is excepted to and forms the only ground of error complained of.

All exceptions which go merely to the form of the indictment shall be made before trial; and no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment. Code, §4629. The motion in arrest of judgment in this case does not affect the real merits of the offense charged in the indictment. In 17 *Ga.*, 497, it was held that a motion in arrest of judgment could not be entertained after trial, where the finding of the grand jury was signed by one of the jury without adding the foreman, but all such objections must be made before trial. If a plea in abatement had been filed, it might be that the state would have shown from the minutes of the court the finding of the grand jury.

Judgment affirmed.